```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                             :
SALISSOU KARIM-SEIDOU,                 :
                                                            :
                                        Plaintiff,     :        1:23-cv-7661-GHW
                                                             :
                         -v –                     :           <u>ORDER</u>
                                                            :
CMA/CGM America, LLC-New York, and   :
TROY CONTAINER LINES, LTD           :
                                                             :
                                        Defendants.    :
                                                             :
------------------------------------------------------------------ X
GREGORY H. WOODS, United States District Judge:

### I.    BACKGROUND

On August 29, 2023, Plaintiff Salissou Karim-Seidou filed this action. Dkt. No. 1 (the "Complaint"). On the same date, he filed a substantially identical action in the District of New Jersey. *Salissou v. CMA/CGM America, LLC*, No. 23-CV-12579 (BRM) (JRA) (the "New Jersey Action"). Broadly interpreted, Plaintiff's action stems from the shipment of goods from what he asserts to have been "the Port of New York." Plaintiff is located in Connecticut. Neither Defendant is located in the Southern District of New York. The only basis for the filing of this action in this district appears to be Plaintiff's belief that the shipment was transported out of the United States from the "Port of New York." Complaint at 1.[1]

On September 19, 2023, Defendant Troy Container Lines Ltd. ("Defendant") filed a motion to dismiss this case or to "abate" it in favor of the New Jersey Action, which Defendant asserted to have been the first-filed action. Dkt. No. 6 (the "Motion"). The Court accepts that representation

---

[1] The Court takes notice of the fact that it is the Port Authority of New York *and New Jersey* that operates container terminals. The Court takes further notice of the fact that the Port Authority does not operate container terminals in the Southern District of New York: they are located in New Jersey. *See* https://www.panynj.gov/port/en/our-port/container-terminals.html (Last visited September 20, 2023).

and will transfer this action to the District of New Jersey for resolution.

## II. LEGAL STANDARD

"The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). "The rule 'embodies considerations of judicial administration and conservation of resources' by avoiding 'duplicative litigation and honoring the plaintiff's choice of forum.'" *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). "Proper application of the 'first-filed' rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims. Importantly, application of the rule does not require *identical* parties, but merely requires substantial overlap." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).

There are two exceptions to the first-filed rule: (1) where "special circumstances" warrant giving priority to the second suit, and (2) where the "balance of convenience" favors the second-filed litigation. *Wausau*, 522 F.3d at 275; *see also New York Marine & Gen. Ins. Co.*, 599 F.3d at 112. "Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff." *New York Marine & Gen. Ins. Co.*, 599 F.3d at 112. Such "special circumstances" are not present in this case. "Where special circumstances are not present, a balancing of the conveniences is necessary." *Wausau*, 522 F.3d at 276. The factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a). *Id.* "Among these factors are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Id.* at 275 (internal quotations and citations omitted).

Where the first-filed rule is applicable, the decision to stay, dismiss, or transfer a proceeding rests within the district court's discretion. *Wyler-Wittenberg*, 899 F. Supp. 2d at 247–48. "The Court should take whichever action it deems proper to 'avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." *Id.* (citing *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001)). This disposition is not a "rigid test, but require[s] instead the district court consider the equities of the situation when exercising its discretion." *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

Generally, the court with the first-filed action makes the determination regarding which forum will hear the case. *See, e.g., MSK Ins., Ltd. v. Emps. Reinsurance Corp.*, 212 F. Supp. 2d 266, 267–68 (S.D.N.Y. 2002) ("The court before which the first filed action was brought determines which forum will hear the case.") (collecting cases). However, in *New York Marin & Gen. Ins. Co.*, the Second Circuit clarified that it was within the discretion of the court with the second filed action to make the determination regarding whether to transfer venue of an action.

### III.   ANALYSIS

Although both cases were filed on the same date, the Court accepts Defendant's proffer that the New Jersey Action was the first-filed action. As a result, the case should be transferred to the District of New Jersey. All of the relevant factors weigh in favor of a transfer.

Plaintiff has selected the District of New Jersey as the venue for his lawsuit. His decision to bring this lawsuit in the Southern District of New York seems based upon a misapprehension that container ship terminals are located in this district, rather than on the New Jersey side of the Port Authority of New York and New Jersey. That Plaintiff brought his action in New Jersey as well as here signals his willingness to proceed there. It also signals that no imbalance in the resources of the parties weighs against transfer.

The complaint does not suggest that any witnesses are located in this district: all of the players are located outside of this district. Defendant is located in the District of New Jersey, which weighs in favor of a transfer to that district; any of Defendant's documents are likely to be located there. For the same reasons, the District of New Jersey will be a more convenient place for the parties to litigate this action.

Consolidating these multiple actions in the Court with the closest connection to the events that are at issue—the place from which the containers were allegedly shipped—and where at least one Defendant is located is in the interest of judicial economy and justice. Therefore, the case will be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404.

### IV. AN ASIDE

Defendant's Motion is not well crafted. Among other things, it cites law regarding the motion to dismiss standard that predates the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and is, therefore, just wrong. Motion at 1 (quoting *Plaza Marine, Inc. v. Exxon Corp.*, 814 F. Supp. 334, 335 (S.D.N.Y. 1993) for the 12(b)(6) dismissal standard). The Motion also presents case law from outside of this Circuit. And, significantly, Defendant makes no effort to interpret Plaintiff's submissions to "raise the strongest arguments they suggest," notwithstanding the fact that he is proceeding *pro se*. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The Court—at least in this Circuit—is required to do so. While Defendant may believe that this case has little merit and has triaged its efforts in briefing this motion accordingly, more careful briefing makes the work of the Court and the parties much easier.

### V. CONCLUSION

This case is transferred to the District of New Jersey in the interest of justice pursuant to 28 U.S.C. § 1404(a). The Clerk of Court is directed to transfer the case to the District of New Jersey without delay and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: September 20, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge